**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

HEATHER ROBINSON, #309247,

        Petitioner,

                                       Case No: 06-CV-11324
v.                                      Honorable Marianne O. Battani
                                       Magistrate Judge Virginia M. Morgan

SUSAN DAVIS,

        Respondent.


_____/

**OPINION AND ORDER GRANTING IN PART & DENYING IN PART**
**THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

    Petitioner Heather Robinson filed a petition for a writ of habeas corpus through counsel, pursuant to 28 U.S.C. §2254, challenging her conviction for first-degree criminal sexual conduct. On January 30, 2009, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus.[1]" Pending before the Court is Petitioner's "Motion for Certificate of Appealability," with respect to her ineffective assistance of trial counsel, prosecutorial misconduct, right to present a defense, bolstering by a prosecution agent, and ineffective assistance of direct appeal counsel claims raised in her petition.

**I. Background**

    Petitioner's conviction arose from allegations of sexual abuse committed by Petitioner upon her five-year old son, Dallas Robinson. Petitioner testified at trial and denied ever having sexual intercourse with her son. (Trial Tr., 3/24/00 at 90). She

---

[1]An amended opinion and order was entered on February 6, 2009.

admitted, however, that she bit Dallas on the buttocks in order to teach him a lesson about biting others. (*Id.* at 117).  The bite left a mark, which was observed by Petitioner's mother, Sandra Peterson.  (Trial Tr., 3/23/00 at 60).  Although Petitioner denies engaging in sexual activity with Dallas, there is trial testimony which disputes Petitioner's assertions.

Dallas testified that he performed oral sex upon Petitioner and engaged in sexual intercourse with Petitioner.  (Trial Tr., 3/21/00 at 156-161).  Dallas also testified that he told Sandra Peterson and her husband Walter Peterson, his grandparents, about his sexually explicit dreams and about his *actual* engagement of sexual intercourse with Petitioner. (Trial Tr., 3/21/00 at 162-64, 175-79).  Mr. Peterson testified that Dallas told him explicit details about his sexual relations with Petitioner.  (Trial Tr., 3/23/00 at 18-24).  Mrs. Peterson testified that she observed a human bite mark on Dallas' buttocks and that Dallas revealed details to her about his dreams and *real* sexual encounters with Petitioner. (Trial Tr., 3/23/00 at 60, 69-71).  Mrs. Peterson also testified that while on a trip to California with Dallas and Mr. Peterson, Dallas spoke to Petitioner on the telephone, and afterwards, Dallas took off his clothes, got into the bed and said that he was going on a date.  (Trial Tr., 3/23/00 at 76-77).

Mary Kay Neuman, a social worker in the child sexual assault unit of the Oakland County Prosecutor's Office, testified that Dallas told her he and Petitioner engaged in sexual intercourse.  (Trial Tr., 3/24/00 at 15).  Karol Ross, an expert witness for the defense, testified that she did not believe the investigation into the veracity of Dallas' allegations was adequate.  (Trial Tr., 3/23/00 at 125).

After a jury trial in Oakland County Circuit Court, Petitioner was convicted of the

2

above stated offense.

## II.  Certificate of Appealability

Before Petitioner may appeal the Court's dispositive decision denying her petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III.  Discussion

### A.  Ineffective Assistance of Trial Counsel

First, Petitioner argued that she received ineffective assistance of trial counsel because her attorney was inadequately prepared for trial due to his failure to: (1)  be an effective advocate;[2] (2) properly use Karol Ross and Catherine Okla as expert witnesses; and (3) use Mark Fecteau as a fact witness. The Court held, respectively, that trial counsel's: (1) strategy was not so unreasonable as to be "outside the range of professionally competent assistance;" (2) use of Catherine Okla and Karol Ross did not rise

---

[2]Petitioner argues that her trial counsel was a poor advocate relative to the testimony he was able to elicit from his expert witness.  She also argues that counsel allowed into evidence, without objection, testimony  which placed Petitioner in a poor light with the jury, resulting in prejudice and an unfair trial.

to the level of ineffective assistance of counsel; and (3) decision to not call Mark Fecteau was strategic and not due to being ill-prepared.

However, despite the Court's ruling and its adherence to its position, the Court nevertheless finds that reasonable jurists could debate the resolution of this claim. The Court recognizes that reasonable jurists could potentially find that trial counsel, respectively: (1) unjustifiably allowed the jury to learn about Petitioner's negative past and allowed the jury to believe the worst about her without objection; (2) could have presented a more meritorious defense to better undermine the veracity of Dallas' account of what transpired between he and Petitioner through a more efficient use of Catherine Okla and Karol Ross; and (3) failed to use evidence of Mr. Fecteau's execution of an affidavit which provided testimony that would have called into question Dallas' testimony and undermined his veracity in this case; each of which arguably constituted ineffective assistance of counsel and an unfair trial for Petitioner. Accordingly, the Court will grant a certificate of appealability on this claim.

Second, Petitioner claims that trial counsel was ineffective due to his failure to object to the prosecutor's alleged misconduct. For the reasons stated below, the Court will deny a certificate of appealability relative to this claim as the Court does not find that reasonable jurors would debate over whether the prosecutor's actions in this case rose to a level of misconduct.

Third, Petitioner asserts that her attorney provided ineffective assistance of counsel because he did not object to alleged bolstering by Mary Kay Neumann, a social worker who testified for the prosecution. For the reasons stated below, the Court will also deny a

4

certificate of appealability relative to this claim as the Court likewise does not find that  its assessment of this constitutional claim is debatable or wrong.

## B.  Prosecutorial Misconduct

The Court next considered whether the prosecutor's actions rose to the level of misconduct.  Petitioner's myriad of prosecutorial misconduct claims is essentially three-fold: (1) presentation of prejudicial and inflammatory evidence which served to "assassinate" Petitioner's  character in the eyes of the jury; (2) references to facts not in evidence; and (3) improper rebuttal closing argument.  The Court determined that Petitioner failed to demonstrate that the prosecutor's conduct was intentional, flagrant and resulted in a fundamentally unfair trial. Therefore, the Court found that the appellate court was not unreasonable in its application of clearly established federal law as determined by the Supreme Court.  Consequently, the Court finds that reasonable jurists would not debate the rejection of this claim.

## C.  Present a Defense

The Court next considered Petitioner's claim that she was denied the opportunity to present evidence concerning "magical thinking," i.e., Dallas' account of what transpired between he and Petitioner did not really occur.   Petitioner also asserts that she was deprived of showing  that "Lou Goldman, a non Ph.D therapist, was hired by Petitioner's mother, who was in the process of gaining custody of Dallas Robinson."  (Pet. at 56-57). Specifically, Petitioner claims that she was precluded from eliciting expert witness testimony from Karol Ross concerning her findings or conclusions, or treatment methods

of social worker Lou Goldman, a clearly interested "coach" for the prosecution, at that time this case went to trial."  *Id.* at 57-58.

The Court found that although the trial court sustained several objections to the admission of Karol Ross' testimony on hearsay grounds, Petitioner remained able to present testimony to the jury from Ms. Ross about the concept of "magical thinking" and her opinions on why Dallas' testimony was not reliable, thus providing a basis for reasonable doubt.   (Trial Tr., 3/23/00, at 119-29).  Therefore, the Court finds that reasonable jurists would not debate the rejection of this claim.

### D.  Bolstering of Testimony

Petitioner contends that Mary Kay Neumann, a social worker employed by the Oakland County Prosecutor's Office, was improperly used as an expert witness for the purpose of legitimizing the credibility of Dallas' testimony. Petitioner asserts that Ms. Neumann's expression of her personal beliefs regarding the veracity of Dallas' testimony was extremely and inherently prejudicial to Petitioner's defense.

The Court reviewed the statements in dispute and found that a simple reading of the record did not support the claim that the prosecutor used Ms. Neumann to bolster her case. A certificate of appealability is therefore not warranted on this claim.

### E.  Ineffective Assistance of Appellate Counsel

Finally, the Court considered Petitioner's claim that she received ineffective assistance of appellate counsel when her attorney failed to raise the  "dead bang winner" issues on appeal of whether the prosecutor engaged in misconduct and whether trial

6

counsel's failure to object to the prosecutorial misconduct constituted ineffective assistance of counsel.

In order for Petitioner to prevail on her ineffective assistance of appellate counsel claim, she must show that the prosecutor's alleged misconduct and trial counsel's failure to object to said conduct are meritorious issues. Appellate counsel may deliver a deficient performance and prejudice a defendant by omitting a "dead bang winner," which is defined as "an issue which was obvious from the trial record and would have resulted in a reversal on appeal." See *Meade v. Lavigne,* 265 F.Supp.2d 849, 870 (E.D. Mich. 2003). (internal quotations omitted). To show prejudice in the context of an appellate counsel claim, Petitioner must show that her claim would have succeeded on appeal. See *Smith v. Robbins,* 528 U.S. 259, 285-86 (2000).

Based upon the analysis set forth in the Court's January 30, 2009 opinion, Petitioner's prosecutorial misconduct claim and the claim that trial counsel failed to object to the prosecutor's actions are not meritorious. Therefore, the facts in support of Petitioner's ineffective assistance of appellate counsel are ones upon which reasonable jurists could not debate.

**IV. Conclusion**

IT IS ORDERED that the "Motion for Certificate of Appealability" [Doc. #27] is

**GRANTED IN PART & DENIED IN PART**.




s/Marianne O. Battani
HONORABLE MARIANNE O BATTANI
UNITED STATES DISTRICT COURT




Dated: April 21, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this opinion and order was served upon all parties of record.

s/Bernadette M. Thebolt
Case Manager